■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. BROOK, Respondent, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered October 25, 1972 in Clinton County, which sustained a writ of habeas corpus, to the extent that the proceedings theretofore taken before the Parole Board were set aside, and which ordered that the matter of parole for relator be remitted to said board, with the right of counsel to relator at any stage of the parole revocation hearing. Relator was convicted of murder in the second degree upon his plea of guilty and was sentenced by the County Court of Bronx County on June 9, 1948 to an indeterminate term of twenty years to life. He was paroled on May 26, 1965, was charged with the parole violation of operating an automobile without a license on November 10, 1966, and, at a parole revocation hearing on August 30 and 31, 1967, his parole was revoked and he was held for four years. At a parole release hearing on June 23, 1971, parole was denied and he was held for two more years. By a petition verified September 5, 1972, relator seeks a writ of habeas corpus on the basis that, following the 1966 arrest for parole violation, he "was denied his right to a parole revocation hearing and the right to have counsel present at said hearing." At the habeas corpus hearing, relator asked for a lawyer to represent him, stating that he didn't "know anything about law", to which request the court replied " [w]ell, conceivably, but let's examine a few preliminary matters before I decide that." However, no attorney was assigned, and Special Term stated, at the conclusion of the hearing, that he was "going to direct that the Parole Board consider your case again, *de novo*, and I advise you now that you are entitled to the services of a counsel at that proceeding, and I am setting the prior proceedings aside in this respect, simply on the one basis that you did not have an attorney at the time, and for no other reason." Although it was held in *People ex rel. Menechino* v. *Warden, Green Haven State Prison* (27 N Y 2d 376) that a parolee is constitutionally entitled to counsel and to introduce testimony at parole revocation hearings, the Court of Appeals pointed out in *People ex rel. Maggio* v. *Casscles* (28 N Y 2d 415) that, although these constitutional imperatives are of sufficient magnitude that *Menechino* could be applied retroactively, full retroactivity which indiscriminately would order a new hearing for thousands of prisoners affected would impose a purposeless and impossible burden on the Parole Board (p. 417). Said court concluded "that all the protection necessary may be afforded to prisoners by granting new parole hearings only to those who can demonstrate, *with the aid of counsel in the Supreme Court,* that the determination made at the revocation hearing failed to meet due process standards" (pp. 417–418 [emphasis supplied]). Here, the lack of counsel at

Special Term, requires reversal and remittal. At any hearing directed to be held upon the return of a writ of habeas corpus, issued upon the application of an indigent prisoner seeking to be released from custody, the prisoner shall be entitled, upon request, to the assignment of counsel to represent him upon such hearing (*People ex rel. Jenks* v. *McMann,* 27 A D 2d 580; *People ex rel. Rodriguez* v. *La Vallee,* 26 A D 2d 8). Judgment reversed, on the law, without costs, and proceeding remitted to Special Term for rehearing, after assignment of counsel to represent relator in connection therewith. Herlihy, P. J., Cooke, Sweeney, Main and Reynolds, JJ., concur.